**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JOSE MANUEL OLIVE, ID # 1566996,**   ) | |
| Petitioner,   ) | |
| vs.   ) | No. 3:14-CV-0419-B (BH) |
|   ) | |
| **WILLIAM STEPHENS, Director,**   ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal**   ) | |
| **Justice, Correctional Institutions Division,**   ) | |
| Respondent.   ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On April 6, 2009, the petitioner pled guilty to possession of cocaine and unlawful possession of a firearm by a felon in Cause Nos. F08-62191 and F08-62192, and he was sentenced to twenty years and ten years, respectively. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search petitioner's inmate records). He appealed his convictions and sentences, and the Fifth District Court of Appeals affirmed the convictions and sentences in an unpublished opinion on April 27, 2010. *Olive v. State*, Nos. 05-09-00419-CR, 05-09-00420-CR (Tex. App. – Dallas, April 27, 2010, pet. dism'd). The petitioner did file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals on July 30, 2010, but it was dismissed as untimely on August 26, 2010. *See* PD-0980-10.

The petitioner signed a state writ challenging his convictions on October 3, 2011, that was

received by the trial court on October 19, 2011. (Pet. at 4; *see also* www.dallascounty.org, search for Cause No. W0862191A). The Court of Criminal Appeals denied it on its merits without a written order on July 24, 2013. (Pet. at 3); *see also Ex parte Olive*, No. WR-78,023-01 (Tex. Crim. App. July 24, 2013). He mailed his federal petition on January 24, 2014. (Pet. at 10).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, the petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due

2

diligence the facts supporting his claims (subparagraph (D)).

The petitioner filed a PDR with the Court of Criminal Appeals, but it was untimely. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the thirty-day time frame for seeking further review after his conviction was affirmed on direct appeal, on May 27, 2010. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). Petitioner asserts that he is submitting newly discovered evidence that was not available earlier. (Pet. at 9). However, the documents that petitioner submits in support of his petition are his arraignment sheet dated October 23, 2008, the instructions regarding his initial appearance dated the same date, and the indictments filed on October 29, 2008, and November 6, 2008. (Pet. at 18-22). None of these documents is newly discovered evidence. The petitioner alleges that his double jeopardy rights were violated because he pled guilty to possession of cocaine without an allegation of the weapon possessed as well as to the unlawful possession of a weapon. (Pet. at 12-15).[1] The facts supporting this claim became known or could have become known prior to May 27, 2010, the date his conviction became final. His January 24, 2014, federal petition is therefore untimely.[2]

---

[1] The petitioner also lists as grounds for relief "Gateway Claim, Schlup v. Delo," "Ineffective Assistance of Counsel," and "Lack of Jurisdiction," but he also states that these claims are "not challenged here." (Pet. at 6-7). In his state writ, the petitioner claimed that the trial court did not have jurisdiction and that his trial counsel was ineffective. (*See* www.dallascounty.org , Cause No. W0862191A). He does not appear to be raising these claims here. To the extent that he intends to raise them here, the facts supporting these claims were also known prior to the date his conviction became final, so his federal petition is untimely with respect to these claims, as well. In addition, *Schlup v. Delo*, 513 U.S. 298 (1995), concerned the limited circumstances under which a procedurally defaulted claim raised in a federal habeas petition could be considered by a federal court. Because none of the claims that the petitioner asserted in this petition are procedurally defaulted, it is not applicable.

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year statute of limitations expired on May 27, 2011, and the petitioner did not sign and mail his state writ until four months later, on October 3, 2011. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas

4

petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, the petitioner presented no argument or evidence that he was prevented from filing either his state writ or his federal petition earlier.  He does state that he sought an affidavit from the owner of the vehicle as newly discovered evidence, but was unable to obtain this evidence. (Pet. at 9).  The petitioner does not explain why this caused him to file his state writ over four months after the one-year statute of limitations ended, and why he then waited another six months after his state writ was denied before mailing his federal petition.  He has not shown rare and exceptional circumstances that warrants equitable tolling of the statute of limitations.

Recently, in *McQuiggen v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations under the AEDPA, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim.  It held that in order to be entitled to this exception to the statute of limitations, however, a federal habeas petitioner must present a convincing claim of actual innocence.  *Id*. at 1934-35.  Here, the petitioner does not assert that he is actually innocent of possessing a cocaine or possessing a firearm illegally.  Therefore, his federal petition is barred by the statute of limitations.

### III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 12th day of February, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE